

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| COLLIS MARTIN, | |
| Petitioner, | 3:08-cv-00600-RCJ-VPC |
| vs. | **ORDER** |
| BENDETTI, *et al.*, | |
| Respondents. | |

This action is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Collis Martin, a Nevada state prisoner. This action is before the Court for decision on the merits of the amended petition.

## I. Background and Procedural History

A judgment of conviction was entered against petitioner on October 24, 2007, pursuant to a guilty plea. (Exhibit 8).[1] Petitioner was adjudged guilty of one count of theft and sentenced to a minimum term of 24 months to a maximum term of 60 months in prison. (Exhibit 8). On November 5, 2007, petitioner filed a state habeas petition. (Exhibit 9). The state district court denied the petition by order filed February 4, 2008. (Exhibit 11). Petitioner appealed from the denial of his state habeas

---

[1] The exhibits referenced in this order are found in the Court's record at Docket #17.

petition. (Exhibit 12). On September 12, 2008, the Nevada Supreme Court entered its order affirming the denial of the habeas petition. (Exhibit 15).

On November 12, 2008, petitioner dispatched his federal habeas petition to this Court. (Docket #1). Petitioner filed an amended petition on March 19, 2009. (Docket #11). Respondents filed an answer on May 11, 2009. (Docket #16). Petitioner has not filed a reply, although he has filed two motions for default judgment (Docket #14 and #21) and a motion for summary judgment (Docket #18).

**II. Federal Habeas Corpus Standards**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing

2

legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams,* 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams,* 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard,* 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied,* 534 U.S. 944 (2001).

Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**III. Discussion**

In Ground One, petitioner alleges that his guilty plea was invalid. Under federal law, to be valid, a guilty plea must be knowing, voluntary, and intelligent. *U.S. v. Brady,* 397 U.S. 742, 748 (1970). A guilty plea must represent a voluntary and intelligent choice among alternative courses of action open to a defendant. *Hill v. Lockhart,* 474 U.S. 52, 56 (1985). Advice for a guilty plea does not require a description of every element of the offense. *Bargas v. Burns,* 179 F.3d 1207, 1216 (9th Cir. 1999) (citation omitted). The court looks to what a defendant reasonably understood at the time of the plea. *U.S. v. Quan,* 789 F.2d 711, 713 (9th Cir. 1986). The record must demonstrate that the defendant understands that he is waiving his privilege against self-incrimination, his right to a jury trial, and his right to confront accusers. *Boykin v. Alabama,* 395 U.S. 238, 243 (1969). "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977); *see also United States v. Anderson,* 993 F.2d 1435, 1438 (9th Cir. 1993) (defendant's statements, made in open court at time of his plea, are entitled to great weight).

///

3

The Nevada Supreme Court considered and denied petitioner's claim – that he thought he was entering a plea to a misdemeanor as opposed to a felony – finding the claim to be belied by the record. (Exhibit 15). The trial court's canvas at the time of entry of the plea indicates that petitioner entered into a plea to a crime with a range of one to five years, and in exchange, the State agreed not to seek habitual criminal treatment and that several cases, including one additional felony case, were going to be dismissed as a result of the plea bargain. (Exhibit 6). The Nevada Supreme Court found that petitioner failed to carry his burden of demonstrating that his plea was invalid, and affirmed the denial of petitioner's state habeas petition. (Exhibit 15). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Petitioner has not met his burden of proving that his guilty plea was invalid. This Court will deny habeas relief as to Ground One.

In Grounds Two and Three, petitioner alleges ineffective assistance of counsel. Under *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner must show, first, that counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms. *Id.* at 688-90. Second, the petitioner must demonstrate that the identified acts or omissions of counsel prejudiced his defense. He must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The application of the *Strickland* test where ineffectiveness of counsel is alleged to invalidate a plea has been defined as follows:

> [T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already

4

> set forth in *Tollett v. Henderson, supra*, and *McMann v. Richardson, supra*. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill v. Lockhart*, 474 U.S. 52, 58 (1985). The modified *Strickland* prejudice standard in guilty plea cases asks whether there is a probability that, but for counsel's alleged errors, defendant would not have pleaded guilty, but would have insisted on going to trial. *Langford v. Day*, 110 F.3d 1380, 1387 (9th Cir. 1997).

Petitioner alleges that he was "led to believe that the state was going [to] drop grand larceny to a misdemeanor theft." The record does not support petitioner's claim. Petitioner has not shown that, but for counsel's alleged errors, defendant would not have plead guilty and would have insisted on going to trial. The state district court found that: "Defendant's counsel was not ineffective." (Findings of Fact and Conclusions of Law and Order, Exhibit 11, at p. 3). The Nevada Supreme Court adopted these findings and affirmed the decision of the state district court. (Exhibit 15). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court will deny habeas relief as to Grounds Two and Three.

**IV. Certificate of Appealability**

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006); see also *United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.*; 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

5

constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

## V. Conclusion

**IT IS THEREFORE ORDERED** that the amended petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY**.

**IT IS FURTHER ORDERED** that petitioner's motions for default judgment (Docket #14 and #21) and motion for summary judgment (Docket #18) are **DENIED.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

DATED this ____ day of March, 2010.

UNITED STATES DISTRICT JUDGE